UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JGJ,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action Number |
| | )   **2:17-cv-00990-AKK** |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| **COMMISSIONER,** | ) |
| | ) |
|     **Defendant.** | |

## **MEMORANDUM OPINION**

JGJ, a minor, was awarded disability insurance benefits ("DIB") in 2005 because of a congenital heart condition. Consistent with its standard practice, the Commissioner of the Social Security Administration ("SSA") reviewed the decision several years later and determined that JGJ no longer qualified for DIB because of medical improvements. An Administrative Law Judge ("ALJ") affirmed the decision, and JGJ's mother now seeks review of the ALJ's decision under 42 U.S.C. § 405(g). Doc. 1. For the reasons explained below, the court finds that the Commissioner's decision is due to be reversed and remanded.

### **I.    Procedural History**

In 2005 the Commissioner deemed JGJ (then an infant) disabled because of a condition called tetralogy of fallot ("TOF"), a cardiac disorder characterized by

four co-occurring defects involving pulmonary valve stenosis, right ventricular hypertrophy, ventricular septal defect, and enlargement of the aortic valve. Docs. 9-3 at 25; 9-4 at 1-4. When JGJ turned ten, the Commissioner conducted a continuing disability review and determined that JGJ's medical condition had improved and no longer qualified him for DIB. Doc. 9-5 at 2-5. JGJ's mother appealed this decision, arguing that JGJ's condition had not improved and that JGJ has since developed other impairments—Wolff-Parkinson White Syndrome, asthma, neurogenic bladder, and depression—which, in combination with the TOF, qualify him for DIB. The ALJ affirmed the Commissioner's initial determination of medical improvement and rejected the arguments with regard to the new conditions, doc. 9-3 at 19-41, and JGJ seeks review in this court, doc. 1.

## II. Analysis

JGJ's mother appeals whether the ALJ committed reversible error by failing to articulate a reason for discounting the opinion of one of JGJ's treating physicians. Doc. 15. "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary," and the failure of the ALJ "to specify what weight is given to a treating physician's opinion and any reason for giving it no weight" constitutes reversible error. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). Indeed, the ALJ failed to specify what weight, if any, she gave to the opinions of two of JGJ's

treating physicians: Dr. Yung Lau, M.D., his pediatric cardiologist since 2010, and Bassam Babi, M.D., his primary care doctor since 2012. *See* docs. 9-3 at 19-41; 9-9 at 48-92. Although the ALJ relied on some of Dr. Lau's records to make her determination, she made virtually no mention of Dr. Babi's records. *See* doc. 9-3 at 19-41. The ALJ also made no reference to the letter Dr. Babi submitted to the Commissioner stating that JGJ "has numerous health conditions" that "make his activities of daily living difficult at best." Doc. 9-9 at 86. Dr. Babi further explained in this letter that:

> [JGJ] tires easily and usually has to rest frequently during physical activity. He has also been diagnosed with neurogenic (overactive) bladder, [which requires] easy and frequent access to restroom facilities. Unfortunately, [JGJ] has many conditions that are severe enough on their own but having a multitude of these disorders affect his life negatively. He sees many specialists who work together to manage each condition and try to help him have as normal a life as possible."

*Id.*

The Commissioner does not dispute that the ALJ failed to indicate what weight she gave to the opinions of JGJ's treating physicians. *See* doc. 16. Instead, the Commissioner argues that substantial evidence supports the ALJ's ultimate decision. *Id.* at 3-9. This argument is unavailing, however, because, even assuming substantial evidence supports the ALJ's decision, the failure "to specify what weight is given to a treating physician's opinion and any reason for giving it

3

no weight" constitutes reversible error as a matter of law.[1] *See MacGregor*, 786 F.2d at 1053. Moreover, the ALJ's failure to explain the reasons for discounting the opinions of JGJ's treating physicians deprives this court of the ability to adequately review the ALJ's reasons for finding that JGJ no longer qualified for DIB. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) ("[T]he ALJ's discretionary power to determine the credibility of testimony is limited by his obligation to place on the record explicit and adequate reasons for rejecting that testimony."). Therefore, because the ALJ failed to "specify what weight," if any, she gave to the opinions of Drs. Babi and Lau, and her respective reasons, remand is warranted here. *See MacGregor*, 786 F.2d at 1053.

This decision should not be interpreted as an indication that the court believes that JGJ is, in fact, still entitled to DIB. To the contrary, the court finds only that it is in no position to opine on the merits in light of the ALJ's failure to fully explain her position. A separate order will be entered.

**DONE** the 31st day of July, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[1] The Commissioner also argues that Dr. Babi's opinions were short and conclusory and that "the ALJ may reject an opinion that is so brief and conclusory that it lacks persuasive weight." Doc. 16 at 8 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)). True enough. But the ALJ has an obligation to *articulate* such reasons when rejecting the opinion of a treating physician. *MacGregor*, 786 F.2d at 1053. Moreover, this argument ignores that the ALJ also failed to specify what weight, if any, she gave to Dr. Lau's opinion.

4